## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### ***Electronically Filed***

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> ONE HUNDRED PIPERS CLUB, INC. d/b/a THE LEGENDARY 100 PIPERS CLUB AND DONNA PURVIS, <br><br> Defendants. | CASE NO.: 3:22-cv-605-CHB <br><br> **PLAINTIFF'S SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT** |

Pursuant to Fed.R.Civ.P. 55(b)(2), Plaintiff Joe Hand Promotions, Inc. ("JHP") moves the Court for default judgment in the amount of $15,225.00, as well as attorneys' fees, and costs against Defendant One Hundred Pipers Club, Inc. d/b/a The Legendary 100 Pipers Club ("100 Pipers Club") and Donna Purvis ("Ms. Purvis," and together with 100 Pipers Club, "Defendants"). The attached memorandum of law supports this motion.

Respectfully submitted,

/s/ Kenneth A. Foisy
Kenneth A. Foisy (KBA 97478)
Ryan Edwards (KBA 89678)
TAFT STETTINIUS & HOLLISTER LLP
50 East RiverCenter Blvd., Suite 850
Covington, KY 41011
Phone: (859) 547-4309
kfoisy@taftlaw.com
edwardsr@taftlaw.com

*Attorneys for Plaintiff Joe Hand Promotions, Inc.*

**MEMORANDUM IN SUPPORT**

I. **FACTUAL BACKGROUND**

Plaintiff JHP filed its Complaint ("Complaint") against Defendants after Defendants exhibited *Deontay Wilder v. Luis Ortiz II* ("Program") to patrons on November 23, 2019 without authorization, license, or permission to do so. Doc. #1 at 1. JHP held the exclusive commercial licensing rights to the pay-per-view broadcast of the Program through a Commercial Licensing Agreement between JHP and Pro Boxing Champions dated July 1, 2019. *Id. See also* Commercial Licensing Agreement attached as **Exhibit A**. Defendants pirated JHP's licensed exhibition of the Program and infringed on JHP's exclusive rights while avoiding proper authorization and payment to JHP. *Id.* at 4.

On November 23, 2019, Tatiana McCubbins ("Ms. McCubbins") an Auditor for JHP went to 100 Pipers Club around 9:30 p.m., 30 minutes after the scheduled start for the Program. *See also* Boxing Piracy Affidavit attached as **Exhibit B** at 1. While at 100 Pipers Club, Ms. McCubbins witnessed three television sets displaying the Program. *Id.* Specifically, Ms. McCubbins watched rounds 1-4 of the WBA Super Bantamweight Championship between Brandon Figueroa vs. John Ceia — the first fight on the card for the Program. *Id. see also* Premier Boxing Champions Fight Night webpage attached as **Exhibit C**. Ms. McCubbins stated that the capacity of 100 Pipers Club was 60-70 people, and at the time of her visit she counted about 30 people. Exhibit B at 2. Based on occupancy, the commercial licensing fee applicable to 100 Pipers Club for the Program was $1,450.00. A true and correct copy for the commercial pricing rates is attached as **Exhibit D**. However, Defendants paid nothing to display the Program. Doc. #1 at 4.

JHP made proper service of the Summons and Complaint. The time for making a response has passed without any response by the Defendants. JHP obtained a default from the Clerk of Court for the Western District of Kentucky. Doc. #10. Accordingly, and for the reasons discussed below,

the Court should grant JHP's Motion for Default Judgment and award of $15,225.00, as well as attorneys' fees, and costs against.

## II.  PROCEDURAL HISTORY

On November 14, 2022, JHP filed its Complaint against Defendants, seeking damages in the sum certain of $110,000, attorneys' fees, and costs against the Defendants. Doc. #1. That same day, the Clerk of Courts issued a Summons, with a copy of the Complaint, to be served via process server. Doc #2.

On November 25, 2022, 100 Pipers Club was successfully served with the Summons and Complaint. Thus, pursuant to Fed.R.Civ.P. 12(a)(1)(A)(i), Defendants' deadline to answer the Complaint was December 16, 2022. There is no evidence that any Defendant is a minor or incompetent person. Doc. #8-1 at ¶6. To date, Defendants have not moved or pled in response to the Complaint, nor have Defendants appeared personally or by representative. Doc. #8-1 at ¶7.

After Defendants failed to timely move or plead in response to the Complaint, JHP applied to the Clerk for Entry of Default against Defendants for the sum certain of $15,225, as well as attorneys' fees, and costs against. Doc. #8. On April 27, 2023, the Clerk issued an Entry of Default ("Default") against Defendants. Doc. #10.

## III.  LAW AND ARGUMENT

### A.  Service on Ms. Purvis.

As stated, JHP filed its Complaint against Defendants on November 14, 2022. On November 25, 2022, 100 Pipers Club was successfully served with the Summons and Complaint. On November 28, 2022, Ms. Purvis contacted the undersigned stating, "Hi my name is Donna Purvis and it looks like I have been named in a suit..." *See* Declaration of Ken Foisy ("Foisy Dec.") at ¶2 attached as **Exhibit E**. During the conversation Ms. Purvis stated that she had possession of the Complaint and was advised by the undersigned to seek advice of counsel. *Id.* While JHP's

3

process server failed personally serving Ms. Purvis, it was clear from the discussion that she had actual notice of the lawsuit.

### B. JHP Complied With All Prerequisites For Obtaining Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise, defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).

Defendants failed to serve an answer or otherwise defend within 21 days of service of the Summons and Complaint. Fed.R.Civ.P. 12(a)(1)(A)(i). JHP thus requested that the Clerk enter a default (Doc. #8), and JHP provided a declaration in support (Doc. #8-1) that showed Defendants' failure to plead or otherwise defend "the amount due" and that Defendant Donna Purvis is neither a minor nor an incompetent person. Fed.R.Civ.P. 55; 28 U.S.C. § 1746 (providing that when "any rule" requires proof by affidavit, "such matter may, with like force and effect, be supported, evidence, established or proven by the unsworn declaration… subscribed… as true under penalty of perjury, and dated" in the form provided for in that rule).

The Clerk of Courts entered the Default against Defendants on April 27, 2023. Doc #10. JHP filed this Motion on July 5, 2023. JHP has therefore satisfied all prerequisites for obtaining default judgment.

### C. JHP's claim for Damages

In its Complaint JHP request damages up to $110,000, the statutory maximum for violating 47 U.S.C. §§553 and 605. But Courts in the Sixth Circuit have taken a more calculated approach when determining damages. JHP contends that this Court should adopt approach established by the Eastern District of Kentucky. In *Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC,* the Court determined that in order to calculate statutory damages, and accomplish

the punitive and deterrent goals of the 47 U.S.C. §§553 and 605 Courts should triple the actual damages incurred by JHP. *Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC*, No. 6:19-CV-67-REW, 2020 WL 1923178 *5 (E.D. Ky. Apr. 21, 2020) Further, JHP is entitled to collected enhanced statutory damages if the infringing activity was committed, "willfully and for purpose of direct or indirect commercial advantage or private financial gain." *Id. see also* 47 U.S.C. § 605(e)(3)(c). In *Pat's Snack Bar, LLC,* the Court found persuasive a Facebook advertisement was enough to satisfy the commercial advantage requirement for enhanced damages. *Pat's Snack Bar,* 2020 WL 1923178 *6.

In this case, 100 Pipers Club has an estimated capacity of 60-70 people. Thus, 100 Pipers Club would need to pay the lowest rate or commercial pricing to display the Program to its patrons. *See* Exhibit D. The amount 100 Pipers Club should have paid was $1,450.00. *Id.* Tripled, the statutory damages equal $4,350. Further, it cannot be said that Defendants unauthorized broadcast of the Program was anything but willful. As Courts have noted, it is inconceivable that Defendants could have inadvertently decoded an encrypted signal, or accidentally altered cable services to resulted in the unauthorized broadcast. *Pat's Snack, Bar* 2020 WL 1923178 *6 citing *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999); *Joe Hand Promotions, Inc. v. ADJ Entity, LLC*, 2011 WL 4102314 at *5 (M.D. Ga. 2011). The same rings true in this case.

The remaining inquiry then is if the unauthorized broadcast was for purpose of direct or indirect commercial advantage or private financial gain. Here, like in *Pat's Snack Bar, LLC,* 100 Pipers Club advertised the event on its Facebook page. A true and correct copy of the advertisement is attached as **Exhibit F**. As the unauthorized broadcast was done for the purpose

5

of commercial advantage this Court should apply the enhanced damage multiplier of 2.5 for enhanced damages of $10,875.00, bringing the total damage calculation to $15,225.00.

### D. JHP Is Entitled to Attorney's Fees

47 U.S.C. §§553 and 605 allow for the recovery of costs, and reasonable attorney's fees. *See* 47 U.S.C. § 553(c)(2)(C); 47 U.S.C. §605(e)(3)(B)(iii) *see also J & J Sports Prods., Inc. v. Sutton*, No. 3:17-CV-264-TBR, 2018 WL 297597 (W.D. Ky. Jan. 4, 2018). As a result, upon entry of default, JHP may recover reasonable attorney's fees and cost.

Taft Stettinius & Hollister LLP's ("Taft") fees are fair, just, and reasonable, considering all the circumstances of this action. Foisy Dec. ¶ 4. Taft's hourly rates are those routinely charged at Taft—and paid by Taft's clients—for work of the same general nature as the work performed in the captioned matter. *Id.*, ¶ 3. For some timekeepers, these hourly rates have been approved pursuant to fee applications by other courts. *Id.*, ¶ 5.

These facts also justify such an award: Taft (i) advised JHP, (ii) drafted and filed a Complaint for Money Damages, (iii) appeared in Court on behalf of JHP, and (iv) drafted and filed this Motion for Default Judgment and Application for Attorneys' Fees. *Id.*, ¶ 6. The following Taft attorneys and paralegals, and their hourly rate and time spent on this action, are as follows: (i) Kenneth A. Foisy ($407.92/hour) – 19.20 hours and (ii) Julie Spiering ($331.86/hour) – 5.90 hours. *Id.*, ¶¶ 7-8.

JHP therefore seeks reimbursement from Defendants of the $ 9,790.03 in attorneys' fees and costs it has incurred in this action. Considering all circumstances, the number of hours spent on this matter and the rates charged per hour are fair and reasonable and within the normal standards of this community for the type of services performed. *Id.*, ¶ 9.

### E. Default Judgment Should Be Entered

"If a plaintiff's claim is for a sum certain…, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has defaulted for not appearing and who is neither a minor nor an incompetent person." Fed.R.Civ.P. 55(b)(1)

The Complaint seeks the sum certain. There is no evidence that any Defendant is minor or incompetent person. Doc.# 8-1 at ¶ 6. Therefore, the Court should enter a default judgment in the amount of $15,225.00, as well as attorneys' fees, and costs against Defendants.

## IV. CONCLUSION

For the reasons discussed above, this Court should enter a judgment for JHP and against Defendants in the amount of $25,015.03, attorneys' fees, and costs and costs, and all other relief as may be just and required under the circumstances of this case.

Respectfully submitted,

/s/ Kenneth A. Foisy
Kenneth A. Foisy (KBA 97478)
Ryan Edwards (KBA 89678)
TAFT STETTINIUS & HOLLISTER LLP
50 East RiverCenter Blvd., Suite 850
Covington, KY 41011
Phone: (859) 547-4309
kfoisy@taftlaw.com
edwardsr@taftlaw.com

*Attorneys for Plaintiff Joe Hand Promotions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by regular U.S. mail upon the following this 29th day of December, 2023:

7

One Hundred Pipers Club, Inc.
d/b/a The Legendary 100 Pipers Club
2801 W Chestnut Street
Louisville, KY 40211

Donna Purvis
2801 W Chestnut Street
Louisville, KY 40211

                                                   */s/ Kenneth A. Foisy*
                                                   Kenneth A. Foisy