UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-605-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ONE HUNDRED PIPERS CLUB, INC., *et al.*, | ) ) ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Regina S. Edwards. [R. 28]. The Recommendation addresses Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment against Defendants One Hundred Pipers Club, Inc. and Donna Purvis. [R. 17]. Magistrate Judge Edwards held a show cause hearing to allow One Hundred Pipers and Purvis an opportunity to appear and state why default judgment should not be entered against them, but neither appeared. *See* [R. 23]; [R. 25]. In addition, at the hearing, Joe Hand Promotions presented evidence in support of its claimed damages. [R. 23]; [R. 28, p. 6]. Following the hearing, Joe Hand Promotions filed a Supplemental Motion for Default Judgment. [R. 27]. Ultimately, Magistrate Judge Edwards recommended that this Court grant Joe Hand Promotions' motions in part and deny them in part.

Specifically, in her Recommendation, Magistrate Judge Edwards first observed that "[b]efore a court can award a judgment in a Motion for Default Judgment, . . . the court must have personal jurisdiction over the named defendant," which requires "proper service of process." [R. 28, p. 4] (citing *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (6th Cir. 2000); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). Having determined that

- 1 -

Joe Hand Promotions never properly served Defendant Purvis, Magistrate Judge Edwards recommended that the claims against her be dismissed without prejudice. *Id.* at 5.

Next, Magistrate Judge Edwards detailed the facts supporting entry of a default judgment against One Hundred Pipers under Rule 55. *Id.* at 5–6. Based on One Hundred Pipers' failure to appear in this action, Magistrate Judge Edwards found that Joe Hand Promotions was entitled to default judgment. *Id.* at 6. But because "default judgment on well-pleaded allegations establishes only defendant's liability" and the "plaintiff must still establish the extent of damages," *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citation omitted), Magistrate Judge Edwards undertook a thorough determination of the damages Joe Hand Promotions is entitled to. *See* [R. 28, pp. 6–16]. Having conducted such an inquiry, Magistrate Judge Edwards recommended that Joe Hand Promotions receive the default judgment sought against One Hundred Pipers, in part. More specifically, she recommended that Joe Hand Promotions be awarded a total of $8,645.00, as opposed to the $25,015.03 sought in the Supplemental Motion, *see* [R. 27, p. 7], which can be broken down into the following categories: $1,450.00 in statutory damages; $3,625.00 in enhanced damages; and $3,570.00 in attorneys' fees and costs. [R. 28, p. 16].

Magistrate Judge Edwards's Recommendation advised the parties that any objections must be filed within fourteen (14) days. *Id.* The time to file objections has passed, and no party has filed any objections to the Report and Recommendation nor sought an extension of time to do so. Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district

court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Edwards's Report and Recommendation. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Regina S. Edwards's Report and Recommendation [**R. 28**] is **ADOPTED** as the opinion of this Court.

2. Plaintiff Joe Hand Promotion, Inc.'s Motion for Default Judgment [**R. 17**] and Supplemental Motion for Default Judgment [**R. 27**] are **GRANTED IN PART and DENIED IN PART**;

3. Plaintiff Joe Hand Promotions, Inc. is **AWARDED** the following damages against Defendant One Hundred Pipers Club, Inc.:

    a. $1,450.00 in statutory damages;

    b. $3,625.00 in enhanced damages;

    c. $3,570.00 in attorneys' fees and costs;

    d. totaling in a recoverable sum of **$8,645.00**.

4. Plaintiff Joe Hand Promotions, Inc.'s claims against Defendant Donna Purvis are **DISMISSED** without prejudice.

5. A corresponding Judgment will follow.

This the 24th day of January, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY